JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-04488 MMM (JCGx) | Date | August 12, 2010 |
|---|---|---|---|

| Title | *Residential Funding Real Estate Holdings, LLC v. Chavez* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

### I.  FACTUAL BACKGROUND

Plaintiff Residential Funding Real Estate Holdings, LLC ("Residential Funding") filed this unlawful detainer action on March 5, 2010 in Los Angeles Superior Court.[1]  It seeks to recover possession of real property located in Whittier, California from defendant Chavez and fictitious defendants.  Residential Funding also seeks damages of $58.33 for each day from and after January 13, 2010 that defendants have continued in possession of the property.[2]

---

[1]Verified Complaint for Unlawful Detainer ("Complaint"), Notice of Removal, Docket No. 1 (June 17, 2010), Exh. A at 1.

[2]*Id.* at 3.

Defendant Nichole Chavez removed the action to federal court on June 17, 2010.[3]  On June 25, 2010, the matter was transferred to this court as related to *Chavez v. American Home Mortgage Servicing, Inc. et al*, Case No. 10-01015 MMM (SSx), a case Chavez filed on February 2, 2010.[4]  In her notice of removal, Chavez asserts that the court has subject matter jurisdiction over the unlawful detainer action because she is the plaintiff in a separate federal action pending in this district, and the unlawful detainer action involves the same parties and property.[5]  On June 23, 2010, Residential Funding filed objections to the notice of removal arguing that Chavez had failed to show that its complaint in this action alleges a federal claim.[6]

## II.  DISCUSSION

### A.      Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove a state court case that could have been filed originally in federal court under either federal question or diversity jurisdiction.  See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a).  Only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Where some of plaintiff's claims fall within the court's subject matter jurisdiction, 28 U.S.C. § 1367(a) authorizes courts to exercise "supplemental jurisdiction over all other claims that are so related to claims . . . within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  When none of the claims in the action provides an independent basis for federal jurisdiction,

---

[3]Notice of Removal, Docket No. 1 (June 17, 2010).  In her notice of removal, Chavez cites a second complaint for unlawful detainer filed May 4, 2010 that she seeks to remove as well.  The case number purportedly associated with the second action – No. 10C00906 – is identical to the case number for the March 5, 2010 complaint.  Thus, the court treats the notice of removal as pertaining to Case No. 10C00906 only.

[4]Complaint, Case No. 10-01015, Docket No. 1 (Feb. 11, 2010).  In the related case, Chavez alleges fifteen causes of action against defendant Residential Funding, including claims for violation of the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA).

[5]Notice of Removal, ¶ 6.

[6]Objections to Notice of Removal, Docket No. 4, (June 23, 2010) at 2–3.

however, supplemental jurisdiction does not come into play.  A case cannot be removed on the basis that the claims it raises are related to claims asserted in a separate federal action.  See *Chase v. Auerbach*, No. 94-5892, 1994 WL 590588 *1–2 (E.D. Pa. Oct. 26, 1994) ("The removal statute provides that a state court action over which the district court has "original jurisdiction" may be removed; it does *not* say that a state court action which is related to an entirely separate action over which the district court has original jurisdiction may be removed. . . . Simply put, we do not have original jurisdiction over this as a free-standing action"); see also *Fabricius v. Freeman*, 466 F.2d 689, 694 (7th Cir. 1972) (holding that a related case pending in federal court did not provide grounds for removal under 28 U.S.C. § 1441); *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D. Pa. 1995) ("Section 1367 allows plaintiffs to bring federal claims in[to] federal court even though combined with state-law claims that would not otherwise be within the federal court's jurisdiction.  The statute is not, however, an independent source of removal jurisdiction.  To remove [a case] from state court to federal court, [defendants] . . . must first find a federal claim in the [case to be removed].  An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court actions").

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  If the court determines that it definitely lacks subject matter jurisdiction,

the court must remand an action *sua sponte*.  See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

> **B.      Whether Plaintiff Has Established That the Court Has Jurisdiction to Hear this Action**

Chavez contends that the unlawful detainer action filed by Residential Funding can be removed because "the State Court Action involves the same property and parties" as her pending federal court action.[7]  She asserts that the unlawful detainer case is factually related to her federal action, and thus that the court may exercise supplemental jurisdiction over it. As noted, however, the court cannot exercise supplemental jurisdiction unless at least one claim in the action falls independently within its jurisdiction.  See 28 U.S.C. § 1367(a) ("*[I]n any civil action of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . "); *Auerbach*, 1994 WL 590588 at *2 ("A District Court is not, however, endowed with jurisdiction to hear a case on removal merely because . . . a related case is pending in the federal court" (internal quotations omitted)).

Chaves essentially seeks to combine her pending federal case with the unlawful detainer action.  In the federal action, Chavez is the plaintiff seeking relief under federal statutes.  In the matter she seeks to remove, Chavez is the defendant, who disputes a state unlawful detainer claim.  The court cannot exercise supplemental jurisdiction over a state law claim based on claims in a completely separate federal action.  Accordingly, there is no basis for removal on this ground.  See *In re Estate of Tabas*, 879 F.Supp. at 467 ("An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court actions"); *Chase*, 1994 WL 590588 at *2 ("The removal statute provides that a state court action over which the district court has 'original jurisdiction' may be removed; it does not say that a state court action which is related to an entirely separate action over which the district court has original jurisdiction may be removed").

Further, there is no indication that the unlawful detainer action falls within the court's federal question jurisdiction.

> **1.      The Requirements for Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil

---

[7]Notice of Removal, ¶ 6.

actions *arising under* the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case

may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

Residential Funding's complaint does not, on its face, raise a federal question, and Chavez identifies none in her notice of removal.  Residential Funding pled a single unlawful detainer claim, which falls outside federal question jurisdiction.  See *Indymac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337PA(DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction because the complaint stated only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").[8]

### III.  CONCLUSION

For the reasons stated, the court cannot exercise subject matter jurisdiction over this action, and the clerk is directed to remand the case to Los Angeles Superior Court forthwith.

---

[8]Federal jurisdiction is also improper because a final judgment has been entered in the state court action.  On May 14, 2010, the Los Angeles Superior Court entered judgment in favor of Residential Funding in Case No. 10C00906.  (See Objections to Notice of Removal, Docket No. 4, (June 23, 2010), Exh. 2.)

If an appeal can still be filed in the state action, federal courts must abstain from granting relief that would interfere with pending state judicial proceedings.  *Younger v. Harris*, 401 U.S. 37, 40-41 (1971); see *Martinez v. Newport Beach City*, 124 F.3d 777, 781 (9th Cir. 1997) (citing *Younger*).  Abstention in civil proceedings is justified by comity – "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 10.

Even if Chavez can no longer appeal, the *Rooker-Feldman* Doctrine provides that no federal court may reverse or change a judgment of the state courts; only the U.S. Supreme Court may review such judgments.  See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Therefore, under *Younger* and the *Rooker-Feldman* doctrine, the court cannot assume jurisdiction over this action because doing so would place it in the position of reviewing the rulings of state courts, which is prohibited.